**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

SMITHVILLE 169, et al.,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　　　)　　　　　No. 4:11-CV-0872-DGK
CITIZENS BANK & TRUST COMPANY,　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　　　　　)

## ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE

This case arises out of a $7,950,000 loan made by Defendant Citizens Bank & Trust Company to Plaintiff Smithville 169 and guaranteed by the other Plaintiffs. Defendant alleges Smithville 169 and the Plaintiff guarantors failed to pay off the loan when it became due. Plaintiffs allege Defendant breached its agreements with them first and committed a variety of economic torts, including fraud, tortious interference with contracts and business expectancy, and violation of the federal Equal Credit Opportunity Act ("ECOA"). This case was originally filed in the Circuit Court of Clay County, Missouri, and then removed by Defendant to this Court pursuant to this Court's federal question jurisdiction, 28 U.S.C. § 1331, and supplemental jurisdiction, 28 U.S.C. § 1367.

Now before the Court is Plaintiff Beverly Nelson's Motion for Voluntary Dismissal of Her Claim Pursuant to the Equal Credit Opportunity Act (doc. 12). Plaintiff Beverly Nelson moves the Court to dismiss her ECOA claim without prejudice. In a companion motion (doc. 10), Plaintiffs move to remand, arguing that once the Court dismisses Nelson's ECOA claim, it will no longer have subject matter jurisdiction over this dispute. Defendant opposes dismissal without prejudice, arguing any dismissal should be with prejudice, so that this claim will no longer be an issue between the parties.

Because Defendants have answered and filed a counterclaim, Plaintiff cannot dismiss without prejudice unless the Defendant consents or the Court grants permission. Fed. R. Civ. P. 41(a). The primary purpose of this rule is "to prevent voluntary dismissals which unfairly affect the other side." *Pauluci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). The decision to allow a voluntary dismissal under Rule 41(a) rests in the sound discretion of the trial court. *Hamm v. Rhone-Poulenc Rohrer Pharm.*, 187 F.3d 941, 950-51 (8th Cir. 1999). In exercising this discretion, a district court considers a number of factors, including whether the plaintiff has presented a proper explanation for the dismissal, whether a dismissal would result in a waste of time and judicial effort, and whether a dismissal would prejudice the defendant. *Id.* at 950. "A party is not permitted to dismiss merely . . . to seek a more favorable forum." *Id.*

On balance, these factors weigh in favor of denying the motion. Although dismissal here would not particularly prejudice the Defendant nor would it result in a significant waste of time and judicial effort, dismissal here is clearly an attempt to seek what Plaintiffs perceive to be a more favorable forum. This is not an appropriate reason for dismissal without prejudice. Accordingly, the motion is DENIED.

Plaintiff Beverly Nelson is still free, of course, to move for dismissal of her ECOA claim with prejudice. To give her an adequate opportunity to consider whether she would like to dismiss with prejudice, the Court will refrain from ruling on the pending motion for remand for at least seven days.

**IT IS SO ORDERED.**

Date:   November 17, 2011                          /s/ Greg Kays
                                                   GREG KAYS, JUDGE
                                                   UNITED STATES DISTRICT COURT

2