**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| SMITHVILLE 169, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-0872-DGK |
| | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING IN PART MOTION TO STRIKE**

This case arises out of a $7,950,000 loan made by Defendant Citizens Bank & Trust Company ("Citizens Bank") to Plaintiff Smithville 169 and guaranteed by the other Plaintiffs. Defendant alleges Smithville 169 and the Plaintiff guarantors failed to pay off the loan when it became due. Plaintiffs allege Defendant breached the loan agreements first and committed a variety of economic torts against them.

Now before the Court is Citizens Bank's Motion to Strike Plaintiffs' Affirmative Defenses Asserted in Answer to Defendant's Counterclaim (doc. 22). Citizens Bank argues that affirmative defenses 1-4, 8-11, 15-16, 32, and 34-35 as pled do not state sufficient facts to provide fair notice of the grounds upon which the affirmative defense rests.

Because most of these affirmative defenses are little more than labels and conclusion, the motion is GRANTED IN PART. Plaintiff is given until February 1, 2012 to file an amended answer to Defendant's Counterclaim which includes facts supporting these affirmative defenses.

**Standard**

Federal Rule of Civil Procedure 12(f) allows a district court to "strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." A court enjoys discretion under

Rule 12(f), however, motions to strike are viewed with disfavor and rarely granted. *Lunsford v. United States,* 570 F.2d 221, 229 (8th Cir. 1977).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must present "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose is to provide the opposing party with "fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). To meet this standard, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level. . ." *Twombly*, 550 U.S. at 555.

Rule 8(c) requires a defendant to "affirmatively state any avoidance or affirmative defense" in response to a pleading. This Court, like a majority of district courts, has held that the *Iqbal* standard applies to affirmative defenses. *Francisco v. Verizon South, Inc.,* No. 3:09cv737, 2010 WL 2990159 at *6 (E.D. Va. Jul. 29, 2010). This is because a party attempting to address an affirmative defense lacking factual allegations is placed in the same position as a defendant trying to address a complaint with the same deficiencies. *Id.* at *7. "[I]n both instances, the purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of possibility that it may apply to the case." *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009). A party asserting an affirmative defense is not required to plead evidentiary facts, merely a short, plain statement of facts giving rise to the affirmative defense.

## Discussion

The affirmative defenses at issue here are as follows:

**Affirmative Defense No. 1.**
40. The Smithville 169 Parties incorporate the allegations and hereby re-allege and restate all averments in paragraphs 1 through 39 and incorporate by reference all allegations contained in their Petition.

41. Defendant's counterclaims fail to state a claim or any facts entitling Defendant to relief against the Smithville 169 Parties.

**Affirmative Defense No. 2.**
42. The Smithville 169 Parties incorporate the allegations and hereby re-allege and restate all averments in paragraphs 1 through 41.

43. Defendant's counterclaims are barred by the agreements between the parties.

**Affirmative Defense No. 3.**
44. The Smithville 169 Parties incorporate the allegations and hereby re-allege and restate all averments in paragraphs 1 through 43.

45. Defendant's counterclaims are barred in that performance was made impossible by Defendant's conduct.

**Affirmative Defense No. 4.**
46. The Smithville 169 Parties incorporate the allegations and hereby re-allege and restate all averments in paragraphs 1 through 45.

47. Defendant's counterclaims are barred by the agreements between the parties in that the Guaranties are ambiguous on their face including, without limitation, regarding who all the Guarantors are, in what order the Guaranties will be collected, how and whether the Guaranties are limited or unlimited, and who is jointly and severally liable.

. . .

**Affirmative Defense No. 8.**
54. The Smithville 169 Parties incorporate the allegations and hereby re-allege and restates all averments in paragraphs 1 through 53.

55. Defendant's counterclaims are barred by the course of dealing and/or performance between the parties.

3

**Affirmative Defense No. 9.**

56. The Smithville 169 Parties incorporate the allegations and hereby re-allege and restates all averments in paragraphs 1 through 55.

57. Defendant's counterclaims are barred by waiver and/or estoppel.

**Affirmative Defense No. 10.**

58. The Smithville 169 Parties incorporate the allegations and hereby re-allege and restates all averments in paragraphs 1 through 57.

59. Defendants failed to mitigate their damages, if any.

**Affirmative Defense No. 11.**

60. The Smithville 169 Parties incorporate the allegations and hereby re-allege and
restates all averments in paragraphs 1 through 59.

61. Defendant's counterclaims fail for lack of consideration.

. . .

**Affirmative Defense No. 15.**

68. The Smithville 169 Parties incorporate the allegations and hereby re-allege and restates all averments in paragraphs 1 through 67.

69. Defendant's counterclaims are barred in that there was a mistake in the belief by the Smithville 169 Parties and the Company of the facts as represented to them by Defendant.

**Affirmative Defense No. 16.**

70. The Smithville 169 Parties incorporate the allegations and hereby re-allege and restates all averments in paragraphs 1 through 69.

71. Defendant's counterclaims are barred do to Defendant's actions which have made the agreements void or voidable.

. . .

**Affirmative Defense and Right to Set Off No. 34.**

128. The Smithville 169 Parties incorporate the allegations contained in paragraphs 1 through 127 as if fully set forth herein.

129. The Smithville 169 Parties reserve the right to amend this pleading to add affirmative defenses, cross claims, counterclaims and/or third party complaints if further investigation or discovery deems it necessary and appropriate.

4

**Affirmative Defense No. 35.**
130. The Smithville 169 Parties incorporate the allegations and hereby re-allege and restates all averments in paragraphs 1 through 129.

131. In further defense, the Smithville 169 Parties incorporate all of their allegations in the Smithville 169 Parties' Petition as though fully set forth herein.

Answer and Affirmative Defenses to Defendant's Counterclaims (doc. 13, p. 6-19).

With the exception of affirmative defense number 4, which is barely sufficient, the assertions in these affirmative defenses are textbook examples of labels and conclusions. For example, affirmative defense ten does not provide any factual matter which, if accepted as true, would state a claim for relief that is plausible on its face. Although Plaintiffs argue these defenses are factually sufficient because they incorporate by reference every one of the 246 paragraphs set forth in the complaint, wholesale incorporation of another document is not enough to satisfy the *Iqbal* standard of providing a short and plain statement. "[W]holesale incorporation makes it extremely difficult to identify the factual basis for each claim. The excessive detail . . . results in a pleading that is vague and confusing." *R&K Lombard Pharmacy Corp. v. Med. Shoppe Int'l*, 4:07-cv-288 CEJ, 2008 WL 648506 (E.D. Mo. Mar. 5, 2008). Consequently, the Court holds Plaintiffs have not complied with Rule 8(a)(2) with respect to affirmative defenses 1-3, 8-11, 15-16, 32, and 34-35.

That said, the Court sees no reason to strike these affirmative defenses if Plaintiffs can cure these deficiencies. Instead of the Court striking these defenses, Plaintiff is given until February 1, 2012 to file an amended answer to Defendant's Counterclaim which includes facts supporting these affirmative defenses.

The motion is GRANTED IN PART.

**IT IS SO ORDERED.**

5

Date:   January 4, 2012                              /s/ Greg Kays
                                                     GREG KAYS, JUDGE
                                                     UNITED STATES DISTRICT COURT