IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| SMITHVILLE 169, LLC, et al., | ) | |
| | ) | |
| Plaintiffs/Counterclaim Defendants, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-0872-DGK |
| | ) | |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

## ORDER GRANTING DEFENDANT SUMMARY JUDGMENT ON COUNT IV

This case arises out of a loan Defendant Citizens Bank & Trust Company ("the Bank") made to Plaintiff Smithville 169, LLC ("Smithville 169") which the other Plaintiffs guaranteed. The Bank alleges Smithville 169 and the guarantors are in breach of contract because they failed to pay off the loan when it became due. Smithville 169 and the guarantors allege the Bank breached the loan agreements first, committed a variety of economic torts, and violated the federal Equal Credit Opportunity Act ("ECOA").

Now before the Court is the Bank's Motion for Summary Judgment on Plaintiffs' Claims (Doc. 119).[1] In a series of companion orders, the Court granted the Bank summary judgment on the Bank's counterclaims, Plaintiffs' affirmative defenses to these counterclaims, and all claims in Plaintiffs' Petition except Count IV. Count IV seeks a declaratory judgment that the guaranties executed by the Plaintiffs are ambiguous and unenforceable as a matter of law. The allegations made in Count IV mirror those raised in Plaintiffs' second and fourth affirmative defenses which the Court considered, and rejected, in granting the Bank summary judgment on

---

[1] Plaintiff has also requested oral argument on the motion. Finding that oral argument would not assist the Court, the request is denied.

Plaintiffs' second and fourth affirmative defenses. The Court's reasoning is fully set forth in that order, and the Court will not repeat that reasoning here.

Consequently because: (1) there are no disputed questions of material fact with respect to Count IV; (2) the question of whether a contract is ambiguous is a question of law for the court to decide, *Alack v. Vic Tanny Int'l of Mo., Inc.*, 923 S.W.2d 330, 337 (Mo. banc. 1996); and (3) the Court has already held that the loan agreement, the guaranties, and the deed of trust are not ambiguous as a matter of law, the Court holds the Bank is entitled to summary judgment on Count IV.

Accordingly, Defendant's motion (Doc. 119) is GRANTED with respect to Count IV and DENIED AS MOOT with respect to the remaining counts.

**IT IS SO ORDERED.**

Date:  February 5, 2013                                /s/ Greg Kays
                                                                                                    GREG KAYS, JUDGE
                                                                                                    UNITED STATES DISTRICT COURT