# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| SMITHVILLE 169, et al., | ) | |
| | ) | |
| Plaintiffs/Counterclaim Defendants, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-0872-DGK |
| CITIZENS BANK & TRUST COMPANY, | ) | |
| | ) | |
| Defendant/Counterclaim Plaintiff. | ) | |

## ORDER GRANTING DEFENDANT SUMMARY JUDGMENT ON
## BEVERLY NELSON'S ECOA CLAIM

This case arises out of a $7,950,000 loan Defendant Citizens Bank & Trust Company ("the Bank") made to Plaintiff Smithville 169 which the other Plaintiffs guaranteed. The Bank alleges Smithville 169 and the guarantors are in breach of contract because they failed to pay off the loan when it became due. Plaintiffs allege the Bank breached the loan agreements, committed a variety of economic torts, and violated the federal Equal Credit Opportunity Act ("ECOA").

Now before the Court are the parties' cross-motions for summary judgment (Docs. 109 and 115) on Count XIV, Plaintiff the Estate of Beverly Nelson's (for purposes of this order "the Plaintiff")[1] ECOA claim. Holding that the ECOA does not apply to this dispute as a matter of law because Beverly Nelson was not an "applicant" within the meaning of the statute, Defendant's motion (Doc. 109) is GRANTED and Plaintiff's motion (Doc. 115) is DENIED.[2]

---

[1] On October 31, 2012, Plaintiffs notified the Court that Plaintiff Beverly J. Nelson passed away on September 9, 2012 and that Plaintiffs intend to substitute Ms. Nelson's estate as a party plaintiff. Accordingly, the Court has substituted the Estate of Beverly Nelson for Ms. Nelson in this order. The Court would also like to extend its condolences to Ms. Nelson's family.

[2] Plaintiff has also requested oral argument on the motion. Finding that oral argument would not assist the Court, the request is denied.

## Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party who moves for summary judgment bears the burden of showing that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

When considering a motion for summary judgment, a court must scrutinize the evidence in the light most favorable to the nonmoving party, and the nonmoving party "must be given the benefit of all reasonable inferences." *Mirax Chem. Prods. Corp. v. First Interstate Commercial Corp.*, 950 F.2d 566, 569 (8th Cir. 1991) (citation omitted). But the "facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (internal quotation marks omitted). "The nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

## Factual Background

For purposes of resolving the pending motion, the Court finds the relevant, uncontroverted material facts to be as follows.

Defendant Citizens Bank & Trust Company ("the Bank") is a Missouri banking corporation located in Chillicothe, Missouri. Plaintiff Smithville 169 is a Missouri limited liability company. Plaintiff Nelson & Nelson Dev. Co. ("Nelson & Nelson") is a Missouri corporation and a 50% member of Smithville 169. Plaintiff Jerry D. Nelson and Beverly J.

2

Nelson were husband and wife. Jerry Nelson is President of Nelson & Nelson, and Beverly Nelson was Vice President and Secretary.

On or about February 28, 2007, the Bank and Smithville 169 executed a Construction Loan Agreement ("the Loan") whereby the Bank agreed to loan Smithville 169 $7,950,000 to commercially develop a piece of property located just North of Missouri Highway 92 and West of U.S. Highway 169 in Smithville, Missouri ("the Project"). In exchange for the Loan, on or about February 28, 2007, Smithville 169 executed and delivered to the Bank a Promissory Note (the "Note") in the amount of $7,950,000, with an original maturity date of March 1, 2010. At the same time, Jerry Nelson, Beverly Nelson, Nelson & Nelson, and others executed Guaranty Agreements guaranteeing the Loan.

The parties modified the Loan documents in writing five times by extending the maturity date of the Note. The last modification occurred on April 28, 2011, when the parties extended the maturity date of the Note from March 31, 2011 to May 31, 2011.

Plaintiffs did not make any payments on the Loan after May 31, 2011, and Smithville 169 did not pay the outstanding loan balance on the Note by the May 31, 2011, maturity date. The Bank declared a default under the Note and subsequently made demand on Smithville 169 and the Guarantors, including Ms. Nelson.

Ms. Nelson's estate contends the Bank required her to guarantee the Loan only because she was Jerry Nelson's spouse. It also suggests that the Bank never conducted an analysis into whether it needed her guaranty before the parties executed the Loan documents in February of 2007, nor did it conduct this analysis before extending the Loan.[3]

---

[3] These assertions are disputed. The Court assumes they are true only for purposes of resolving the pending motion.

## Discussion

Ms. Nelson's estate alleges the Bank violated the ECOA by (1) failing to maintain a credit worthiness standard; (2) failing to evaluate Jerry Nelson's individual credit against such a standard; (3) failing to conduct an analysis as to its need for Beverly Nelson's guaranty; (4) requiring Beverly Nelson's guaranty when it placed no value on her spouse's guaranty; and (5) failing to determine whether it needed Beverly Nelson's guaranty each time it extended the Note. Ms. Nelson's estate seeks summary judgment declaring her personal guaranty void under 15 U.S.C. § 1691e(c) and 12 C.F.R. § 202.17(b). It also seeks costs and reasonable attorneys' fees under 15 U.S.C. § 1691e(d) and 12 C.F.R. § 202.17(b).

In response, the Bank contends that Ms. Nelson was not an applicant within the meaning of the ECOA, that any ECOA claim she may have is barred by a two-year statute of limitations, and that the Bank did not discriminate against Ms. Nelson or otherwise violate the statute.

The text of the Equal Credit Opportunity Act states that it is "'unlawful for any creditor to discriminate against any *applicant* with respect to any aspect of a credit transaction' on the basis of the applicant's marital status." *Champion Bank v. Reg'l Dev.*, LLC, No. 4:08CV1807CDP, 2009 WL 1351122, at *2 (E.D. Mo. May 13, 2009) (quoting 15 U.S.C. § 1691) (emphasis added). The Federal Reserve Board has issued a regulation defining "applicant" as including guarantors. 12 C.F.R. § 202.2(e); *Champion Bank*, 2009 WL 1351122, at *2. There is no dispute that if the definition of "applicant" does not include guarantors, Plaintiff's claim fails as a matter of law.

In a recently issued order in another case, *Arvest Bank v. Uppalapati*, No. 11-03175-CV-S-DGK (W.D. Mo. filed January 7, 2013), this Court conducted a *Chevron* analysis of the regulation and held that defining "applicant" to include guarantors was not a reasonable interpretation of the statute. The Court's reasoning can be summarized as follows. The text of

4

the law states the statute's purpose is to "eradicate credit discrimination waged against women, especially married women whom creditors traditionally refused to consider for individual credit." *Anderson v. United Fin. Co.*, 666 F.2d 1274, 1277 (9th Cir. 1982). The statute prohibits discrimination, such as denying credit or offering credit on less favorable terms, on the basis of a woman's marital status. But by sweeping guarantors into the statute, the regulation "expands the ECOA beyond its intended purpose and leads to circular and illogical results" in cases such as the present one, where a married woman is not being denied anything and is simply guaranteeing her spouse's business loan. *Moran Foods, Inc. v. Mid-Atlantic Market Dev. Co., LLC*, 476 F.3d 436, 441 (7th Cir. 2007) (Posner, J.) (reversing judgment in favor of guarantor, questioning whether the regulation is authorized by the statute); *Champion Bank*, 2009 WL 1351122, at *3 (dismissing ECOA claim brought by a wife who personally guaranteed a loan made to her husband's business). An applicant is not akin to a guarantor, and interpreting "'applicant' as embracing 'guarantor' opens vistas of liability" beyond that intended by Congress. *Moran*, 476. F.3d at 441. Thus, Plaintiff's ECOA claim fails as a matter of law.[4]

Accordingly, the Court holds Ms. Nelson's estate may not bring a claim or defense under the statute and awards the Bank summary judgment on Count XIV and on affirmative defense number 34. Because this holding is dispositive, the Court need not address the Bank's remaining arguments opposing Plaintiff's ECOA claim.

## Conclusion

For the reasons set forth above, this portion of Defendant's motion (Doc. 109) is GRANTED and Plaintiff's motion (Doc. 115) is DENIED.

---

[4] The Court recognizes that other courts in analogous cases have allowed a spousal guarantor to invoke an ECOA defense. *See e.g.*, *Silverman v. Eastrich Multiple Investor Fund, L.P.*, 51 F.3d 28, 32-33 (3rd Cir. 1995) (permitting wife-guarantor to raise the statute as an affirmative defense or in a counterclaim); *Boyd v. U.S. Bank Nat. Ass'n*, No. 06-2115-KGS, 2007 WL 2822518 at *16-17 (D. Kan., Sept. 26, 2007) (permitting invocation of ECOA as an affirmative defense). These decisions are not persuasive, however, because they do not examine whether the regulation is authorized by the text of the statute.

5

**IT IS SO ORDERED.**

Date:   February 5, 2013                            /s/ Greg Kays
                                                    GREG KAYS, JUDGE
                                                    UNITED STATES DISTRICT COURT