IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

SMITHVILLE 169, LLC, et al., )
 )
    Plaintiffs/Counterclaim Defendants, )
 )
v. )   No. 4:11-CV-0872-DGK
 )
CITIZENS BANK & TRUST COMPANY, )
 )
    Defendant/Counterclaim Plaintiff. )

### ORDER GRANTING COSTS, EXPENSES, AND ATTORNEYS' FEES

This case arises out of a $7,950,000 loan Defendant Citizens Bank & Trust Company ("the Bank") made to Plaintiff Smithville 169, Inc. ("Smithville 169") which the other Plaintiffs guaranteed. The Bank alleges Smithville 169 and the guarantors failed to pay off the loan when it became due. Plaintiffs allege the Bank breached the loan agreements, committed a variety of economic torts, and violated the federal Equal Credit Opportunity Act. On February 5, 2013 the Court issued a series of orders (Docs. 182-187) granting Defendant summary judgment on its claims and denying Plaintiffs summary judgment on their claims.

Now before the Court is Defendant's "Motion for Costs, Expenses and Attorneys' Fees" (Doc. 195). Defendant seeks an award of costs under Rule 54(d)(2). Defendant also seeks reimbursement of its reasonable attorneys' fees and expenses under a fee shifting provision in the promissory note executed by Smithville 169 and a similar provision in the guarantees executed by the other Plaintiffs.

Plaintiffs oppose the request, arguing the Court should deny the motion in its entirety because the Court's summary judgment rulings were incorrect. Alternately, Plaintiffs argue the motion should be denied in part because some of the requested fees are unreasonable.

The Court has already considered Plaintiffs' first argument in denying their Rule 59(e) motion to alter or amend the Judgment (Doc. 197). The Court will not re-hash its reasoning here; the explanation is set out at length in the Court's order denying Plaintiffs' motion to alter or amend the judgment (Doc. 244) and the Courts' summary judgment orders (Docs. 182-87).

Plaintiffs' second argument is also not persuasive. Plaintiffs contend that some of the work performed by defense counsel's paralegal Lea Keegan is purely clerical in nature and so not compensable. They also argue that the request is too high because some of defense counsel's work was duplicative. Specifically, Plaintiffs contend they should not be charged for the time senior defense counsel Rob Pitkin spent preparing for and attending the February 22, 2012 deposition of Plaintiff Jerry Nelson at which junior defense counsel Ryan Westoff also appeared. Finally, Plaintiffs complain that Defendant has redacted the billing statements' description of the work performed so heavily that it is impossible to determine whether the work performed is reimbursable.

After carefully reviewing the parties' briefs, including approximately eighty-five pages of detailed invoices submitted by defense counsel, the Court finds the requested costs, expenses, and fees are reasonable. None of the tasks performed by Ms. Keegan were purely clerical; although some could be characterized as largely clerical, they were inextricably intertwined with legal activities and therefore compensable at the rate charged. *Baker v. D.C. Pub. Sch.*, 823 F. Supp. 2d 1, 7 (D.D.C. 2011).

The work performed by the two defense attorneys in connection with the Nelson deposition is also compensable. While the appearance of multiple attorneys at a deposition may be presumptively duplicative, there were sound reasons for both attorneys to appear at this deposition. The Nelson deposition was the first taken in this case, and Mr. Westoff's appearance was reasonably necessary to (1) meet the opposing party; (2) gain a more in-depth understanding

of Plaintiff's allegations in light of the pending discovery requests from Plaintiffs which were due two weeks later; (3) provide follow-up questions for Mr. Pitkin to ask the deponent; and (4) respond to inquiries from the Bank's representative while Mr. Pitkin was deposing Mr. Nelson. The Court also notes that there were seventeen depositions taken in this case, and this was the only one where both defense attorneys appeared. Furthermore, it is somewhat disingenuous for Plaintiffs to complain about the attendance of two defense attorneys at this deposition when Plaintiffs also had two attorneys present. As for Plaintiff's last argument, the Court holds the redactions are not so severe that it cannot determine whether the billing entries are reasonable.

Two other factors confirm that the amounts billed by defense counsel are reasonable. First, the rates charged were reasonable. The partners on this case, both of whom have impressive resumes and substantial litigation experience, charged hourly rates of between $250 and $300 an hour. These are reasonable rates for this market. Second, the billing records show that the client, Citizens Bank & Trust Company, has been receiving monthly statements and making monthly payments as this litigation has progressed. In the Court's experience, banks are typically sophisticated consumers of legal services who will carefully review their legal bills and dispute unreasonable charges. Since the Bank appears to have paid all of its bills in full,[1] this suggests the requested fees and expenses are reasonable.

Accordingly, Defendant's "Motion for Costs, Expenses and Attorneys' Fees" (Doc. 195) is GRANTED. The Court awards Defendant/Counterclaimant Citizens Bank & Trust Company attorneys' fees, costs and expenses totaling $321,936.64 against Plaintiffs/Counterclaim Defendants Smithville 169, LLC; Nelson & Nelson Dev. Co.; Jerry D. Nelson; Jerry D. Nelson

---

[1] The last statement shows the Bank paid the previous balance in full but contains a bill for $936.00 in new charges. The Court assumes the Bank paid this bill as well.

as Personal Representative for the Estate of Beverly J. Nelson; Michael S. Hales; Marlene S. Hales; and Hales Family Limited Partnership 6, jointly and severally.

**IT IS SO ORDERED.**

Date:   July 8, 2013                                      /s/ Greg Kays
                                                          GREG KAYS, JUDGE
                                                          UNITED STATES DISTRICT COURT

4
Case 4:11-cv-00872-DGK   Document 250   Filed 07/08/13   Page 4 of 4